PAUL V. WAYNE, ESQ.; STATE BAR NO.: 101482
BRIAN J. KIM, ESQ.; STATE BAR NO.: 282538

**THARPE & HOWELL, LLP**
 **15250 Ventura Blvd., Ninth Floor**
 **Sherman Oaks, California 91403**
 **(818) 205-9955; (818) 205-9944 fax**
 **E-Mail: pwayne@tharpe-howell.com**
 **E-Mail: bkim@tharpe-howell.com**

Attorneys for Defendants,
      KAZ USA, INC. *erroneously sued and served as*
      KAZ, USA, INC. a corporation and KAZ INCORPORATED, a corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE BRANCH

| | |
|---|---|
| KIM MCGEORGE, individually,<br><br>Plaintiff,<br><br>v.<br><br>KAZ, USA INCORPORATED, a corporation, KAZ INCORPORATED, a corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: **5:15-cv-02271-BLF**<br>(Monterey County Superior Court Case No.: M131630)<br><br>**STIPULATION STRIKING PORTIONS OF PLAINTIFF'S COMPLAINT; ORDER**<br><br>**Hon. Beth Labson Freeman**<br>**U.S. District Judge** |

 **IT IS HEREBY STIPULATED** by and between Plaintiff KIM MCGEORGE ("Plaintiff") and Defendant KAZ USA, INC. ("Defendant" or "KAZ"), by and through their counsel of record, as follows:

 1. Plaintiff filed her Complaint on April 6, 2015 in the Superior Court for the County of Monterey.  It states causes of action for Negligence, Strict Products Liability, Breach of Implied Warranty, and Breach of Express Warranty.

 2. On May 20, 2015, Defendant KAZ removed the case from the Superior Court of the State of California for the County of Monterey, to the United States District Court, Northern District of California pursuant to 28 U.S.C. Sections 1332 and 1441(b) on grounds of diversity jurisdiction.

3.   On May 29, 2015, Defendant KAZ filed its Motion to Strike Portions of Plaintiff's Complaint pursuant to <u>Fed. R. Civ. P. 12(b)(6)</u>.  Specifically, Defendant challenged the legal sufficiency of Plaintiff's punitive damage allegations in the Complaint.

4.   The parties hereby agree to strike the following portions of Plaintiff KIM MCGEORGE's Complaint, <u>without prejudice</u>, pursuant to Federal Rule of Civil Procedure 12(b)(6):

<u>Paragraph 32 on pages 6-7 in its entirety, which reads as follows:</u>

"32.   Plaintiff is informed and believes, and thereon alleges, that Defendants KAZ and DOES 1 through 50, inclusive, and each of them, acted with "malice" in that they engaged in despicable conduct in conscious disregard of the rights, safety and welfare of the Plaintiff, thereby entitling the Plaintiff to an award of punitive damages pursuant to California Civil Code § 3294."

<u>Paragraph 33 on page 7 in its entirety, which reads as follows:</u>

"33.   Plaintiff is informed and believes, and thereon alleges, that Defendants KAZ and DOES 1 through 50, inclusive, acted with "malice" by conduct that included, but is not limited to, the following:

a.  Intentionally failing to adequately test the HP 710 Softheat Pad, before selling these items on the open market;

b.  Having awareness of prior similar complaints and episodes involving burns and despite these events continuing to sell the Subject Softheat Pad;

c.  Continuing to sell the Subject Softheat Pad, without proper warnings, despite knowing of its dangerous propensities and prior similar events;

e.  Misleading customers, users and individuals with assurances that the Subject Softheat Pad was actually safe and non-harmful to foreseeable users, despite knowing that such items had had an unacceptably high propensity to cause burn injuries such as those inflicted upon the Plaintiff herein, during reasonably foreseeable use;

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1

f.  Designing, developing, engineering, manufacturing, fabricating,

2

assembling, distributing, marketing, advertising, warranting, promoting,

3

placing into the stream of commerce, selling, and/or providing the Subject

4

Softheat Pad, despite knowing the high likelihood of injury;

5

g.  Purposefully understating the warnings on the Subject Softheat Pad to

6

customers, users and individuals in an effort to boost sales and put profits

7

over safety;

8

h.  Receiving and/or learning of numerous customer reports of injuries resulting

9

from the use of these products prior to the sale of the Subject Softheat Pad."

10

Paragraph 34 on pages 7-8 in its entirety, which reads as follows:

11

"34.    Said acts and omissions were ratified by managerial employees of said

12

Defendants, and each of them, and were carried out with the consent of their officers,

13

directs, and/or managing agents whose identities are currently unknown but will be

14

identified when ascertained.   Said conduct by these Defendants was oppressive,

15

despicable, highly reprehensible, and done in the conscious disregard for the rights

16

and safety of Plaintiff and, as such, warrants imposition of punitive damages against

17

said Defendants."

18

Paragraph 42 on page 9 in its entirety, which reads as follows:

19

"42.    Plaintiff is informed and believes, and thereon alleges, that Defendants

20

KAZ and DOES 1 through 50, inclusive, and each of them, acted with "malice" in that

21

they engaged in despicable conduct in conscious disregard of the rights, safety and

22

welfare of the Plaintiff, thereby entitling the Plaintiff to an award of punitive damages

23

pursuant to California Civil Code § 3294."

24

Paragraph 43 on pages 9-10 in its entirety, which reads as follows:

25

"43.    Plaintiff is informed and believes, and thereon alleges, that Defendants

26

KAZ and DOES 1 through 50, inclusive, acted with "malice" by conduct that included,

27

but is not limited to, the following:

28

///

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 3 -

a. Intentionally failing to adequately test the HP 710 Softheat Pad, before selling these items on the open market;

b. Having awareness of prior similar complaints and episodes involving burns and despite these events continuing to sell the Subject Softheat Pad;

c. Continuing to sell the Subject Softheat Pad, without proper warnings, despite knowing of its dangerous propensities and prior similar events;

e. Misleading customers, users and individuals with assurances that the Subject Softheat Pad was actually safe and non-harmful to foreseeable users, despite knowing that such items had had an unacceptably high propensity to cause burn injuries such as those inflicted upon the Plaintiff herein, during reasonably foreseeable use;

f. Designing, developing, engineering, manufacturing, fabricating, assembling, distributing, marketing, advertising, warranting, promoting, placing into the stream of commerce, selling, and/or providing the Subject Softheat Pad, despite knowing the high likelihood of injury;

g. Purposefully understating the warnings on the Subject Softheat Pad to customers, users and individuals in an effort to boost sales and put profits over safety;

h. Receiving and/or learning of numerous customer reports of injuries resulting from the use of these products prior to the sale of the Subject Softheat Pad."

Paragraph 44 on page 10 in its entirety, which reads as follows:

"44.    Said acts and omissions were ratified by managerial employees of said Defendants, and each of them, and were carried out with the consent of their officers, directs, and/or managing agents whose identities are currently unknown but will be identified when ascertained.  Said conduct by these Defendants was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of Plaintiff and, as such, warrants imposition of punitive damages against said Defendants."

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

<u>The prayer for punitive damages on pg. 12, line 28, which reads in pertinent</u>
<u>part</u>:

4.   For punitive damages, according to proof.

5.   The parties hereby agree that Defendant KAZ withdraw its Motion to Strike Portions of Plaintiff's Complaint, including the hearing date on said motion on August 27, 2015 at 9:00 a.m., before this Court in light of the above stipulation. However, Plaintiff reserves her right to subsequently amend the pleadings if it is later determined after conducting discovery that there is evidence to substantiate a claim for exemplary damages.

6.   WHEREFORE, based on the foregoing the parties hereby stipulate and agree to stipulate to strike any and all of Plaintiff's punitive damage allegations without prejudice, in addition to Plaintiff's prayer for punitive damages without prejudice, from the operative Complaint.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**STIPULATION STRIKING PORTIONS OF PLAINTIFF'S COMPLAINT**
MCGEORGE V. KAZ USA, INC.
CASE NO.: 5:15-CV-02271-NC

7.    The parties stipulate and request that an Order be issued in accordance with this Stipulation.

Dated:  August 20, 2015                    THARPE & HOWELL, LLP

                                           /s/ Paul V. Wayne
                                    By: _____
                                           PAUL V. WAYNE
                                           BRIAN J. KIM
                                           Attorneys for Defendant
                                           KAZ USA, INC. *erroneously sued
                                           and served as KAZ, USA INC. a
                                           corporation and KAZ
                                           INCORPORATED, a corporation*

Dated:  August 19, 2015                    PANISH, SHEA & BOYLE, LLP

                                           /s/ Rahul Ravipudi
                                    By: _____
                                           RAHUL RAVIPUDI
                                           ROBERT S. GLASSMAN
                                           Attorneys for Plaintiff,
                                           KIM MCGEORGE

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Date: _____            _____
                                           HON. BETH LABSON FREEMAN
                                           U.S. DISTRICT COURT JUDGE

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

STIPULATION STRIKING PORTIONS OF PLAINTIFF'S COMPLAINT
MCGEORGE V. KAZ USA, INC.
CASE NO.: 5:15-CV-02271-NC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

4

2.   My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

5

3.   I served copies of the following documents (specify the exact title of each document served):

6

**STIPULATION STRIKING PORTIONS OF PLAINTIFF'S COMPLAINT;
ORDER**

7

8

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

9

Rahul Ravipudi, Esq.
Robert S. Glassman
PANISH, SHEA & BOYLE, LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
(310) 477-1700; (310) 477-1699 – FAX
ravipudi@psblaw.com

Attorneys for Plaintiff,
KIM MCGEORGE

10

11

12

13

5.   a.   **X**   **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

14

15

(1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

16

17

18

(2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19

20

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

21

22

b.   ___   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

23

24

6.   I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

25

26

8/20/15 _____   MICHELE SCHEE _____

DATE   (TYPE OR PRINT NAME)   (SIGNATURE OF DECLARANT)

27

I:\26000-000\26625\Pleadings\FEDERAL\Stip to Strike Portions of Plf's Complaint.docx

28

- 7 -